SHLOMO S. SHERMAN, ESQ.
Nevada Bar No. 009688
**SHERMAN LAW, PLLC**
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Telephone: (702) 900-2786
Facsimile: (702) 714-0971
E-Mail:   shlomo@shermanlawlv.com

Kenneth M. Motolenich-Salas (AZ Bar No. 027499, *pro hac vice* application to be submitted upon receipt of requested Certificate of Good Standing from Arizona Supreme Court [request sent April 13, 2022])
Of Counsel to **Weiss and Moy, P.C.**
MotoSalas Law, PLLC
16210 North 63rd Street
Scottsdale, Arizona 85254
Telephone: (202) 257-3720
E-mail:   ken@motosalaslaw.com

Attorneys for Defendant
Recover Innovations, Inc. d/b/a Recover Tactical

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CAA Industries, Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Recover Innovations, Inc. d/b/a Recover Tactical, <br><br> Defendant | Case No.  2:22-cv-00581 <br><br> **CONSENT MOTION TO EXTEND DEADLINES FOR (I) DEFENDANT RECOVER INNOVATIONS, INC. D/B/A RECOVER TACTICAL'S RESPONSE TO PLAINTIFF CAA INDUSTRIES, LTD.'S MOTION FOR PRELIMINARY INJUNCTION AND (II) PLAINTIFF'S REPLY TO DEENDANT'S RESPONSE** <br><br> **(FIRST REQUEST)** |

**I.     Introduction**

This is a consent motion to extend the briefing schedule relating to the Motion for Preliminary Injunction filed by Plaintiff CAA Industries, Ltd. ("Plaintiff") on April 6, 2022 (Doc. 2), and served upon Defendant Recover Innovations, Inc. d/b/a Recover Tactical ("Defendant") on April 8, 2022 (the "Motion"). Pursuant to LR IA 6-1, both Plaintiff and Defendant, ***without waiver of any of its defenses under Fed. R. Civ. P. 12(b)***; by and through their respective undersigned counsel, hereby stipulate as follows:

  **A.** The deadline for Defendant's Response to the Motion shall be extended four (4) judicial days, amounting to six (6) calendar days, from **April 22, 2022 to April 28, 2022**; and

  **B.** Plaintiff's reply to Defendant's response shall be extended five (5) court business days, amounting to seven (7) calendar days, from **May 5, 2022 to May 12, 2022.**

**This is the first motion relating to this extension.**

## II. <u>Defendant's Consented Request</u>

With respect to (A) above, Defendant states the following, which Defendant submits amounts to extenuating circumstances justifying the short extension of time.

  1. On April 8, 2022, Defendant was served with, *inter alia*, the Complaint (Doc. 1), along with the aforementioned Motion.

  2. Pursuant to LR 7-2(b), Defendant's response is due fourteen (14) days after service of the Motion, or April 22, 2022.

  3. Defendant's primary counsel, Kenneth Motolenich-Salas, has pre-planned travel to Palo Alto, California, via San Jose, California, from April 22-24, as evidenced by the airline confirmation attached hereto as **Exhibit 1**.

  4. Defendant's primary points of contact, Ron Rosenberg (CEO) and Daniel Klein (patent agent), are both based in Israel, which is ten (10) hours later than Nevada and Arizona, complicating communications between Defendant's counsel and Defendant in that a response by one of them to an email received by the other usually occurs overnight given the very little overlap in the working day in Israel with that in Arizona and Nevada. This time zone-caused delay in communications is significant since Plaintiff's motion exceeds 170 pages, requiring extensive communication between Defendant and Defendant's counsel since the former has extensive knowledge of the (i) accused device and the U.S. patent which covers it (U.S. Patent No. 10,782,081) and (ii) differences between the asserted patent (U.S. Patent No. 8,312,803) and the accused device which must crucially be imparted to the latter in order to formulate Defendant's response to the motion.

5. Furthermore, and most importantly, Messrs. Rosenberg and Klein are Orthodox Jews. Passover, which is first observed on the eve of April 15, 2022, is a national holiday observed in Israel from April 16, 2022 through April 22, 2022 (the due date for the response). *See* **Exhibit 2**. Although many Jews do not strictly adhere to Jewish tradition forbidding work on many days of Passover, Defendant's principals do. In Israel, such rules do not permit any work whatsoever (including operating any electronic devices or telephones) on the first day of Passover (beginning the evening of April 15, 2022 and through April 16, 2022), nor on the final day of Passover (beginning the evening of April 21, 2022, and through April 22, 2022). Moreover, most Orthodox Jews spend hours of the remaining days of Passover in prayer and minimizing work to the extent possible so as to spend time in religious reflection and with family.

6. In light of the foregoing, Defendant, by and through undersigned counsel, sent an email to Plaintiff's counsel on April 14, 2022 requesting an extension of time to respond to the Complaint. Plaintiff consented to the requested extension, provided that Plaintiff is provided with a corresponding extension of time for its reply for the reasons set forth below, to which Defendant consents.

### III. Plaintiff's Consented Request

Plaintiff's counsel wishes to accommodate Defendant's request without prejudicing any of his other clients' interests. If Defendant's request is granted, Plaintiff's reply will be due on May 5, 2022, which interferes with Plaintiff's counsel's preparation for a hearing on multiple (9) motions for summary judgment in another case, *Penn Engineering v. Peninsula Components*, 19-cv-00513 (E.D.P.A.), scheduled for Monday, May 9, 2022. Therefore, Plaintiff consents to Defendant's extension request, provided that Plaintiff's deadline for replying to Defendant's response is extended until May 12, 2022, to which Defendant consented on April 15, 2022.

### IV. Summary

WHEREFORE, in light of the foregoing extenuating circumstances which provide good cause for the requested extension (*see, e.g., Seibel v. GR U.S. Licensing, LP*, 2:21-cv-00668-JCM-VCF, at *1 (D. Nev. Sep. 16, 2021) ("Good cause exists to extend the briefing schedule on GRUS's Motion to Dismiss as set forth above ***to accommodate scheduling conflicts of Seibel's counsel***

3
*Consent Motion to Extend Time to File Response to Motion for Preliminary Injunction and Reply to Said Response*

(***including, but not limited to, religious holidays***).")) (emphasis added),[1] the parties respectfully request this Court to extend the deadline for (A) Defendant to respond to the Motion to and through April 28, 2022 and (B) Plaintiff to reply to Defendant's response to and through May 12, 2022. Each party consents to the other party's requested extension. A proposed form of Order is filed concurrently herein.

DATED this 18th day of April, 2022.

| SHERMAN LAW, PLLC | DICKINSON WRIGHT PLLC |
|---|---|
| By: [signature] | BY: /s/ *Joe Konieczny Sr.* |
| SHLOMO S. SHERMAN, ESQ. | JOHN L. KRIEGER, ESQ. |
| Nevada Bar No. 009688 | Nevada Bar No. 6023 |
| 2620 Regatta Drive, Suite 102 | 3883 Howard Hughes Parkway, Suite 800 |
| Las Vegas, Nevada 89128 | Las Vegas, Nevada 89169-0965 |
| and | and |
| KENNETH M. MOTOLENICH-SALAS | RYDER, MAZZEO & KONIECZNY LLC |
| AZ Bar No. 027499 | JOSEPH M. KONIECTZNY, SR. |
| Of Counsel to **Weiss and Moy, P.C.** | (Pro Hac Vice to be submittctd) |
| MotoSalas Law, PLLC | P.O. Box 670 |
| 16210 North 63rd Street | Plymouth Meeting, PA 19462 |
| Scottsdale, Arizona 85254 | |
| | Attorneys for Plaintiff CAA Industries, Ltd. |
| Attorneys for Defendant Recover Innovations, Inc. d/b/a Recover Tactical | |

IT IS SO ORDERED:

[signature]
UNITED STATES MAGISTRATE JUDGE

DATED: April 19, 2022

---

[1] Attached as **Exhibit 3**.