# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CAA INDUSTRIES, LTD.,                    )
                                         )
               Plaintiff,          )      Case No.: 2:22-cv-00581-GMN-EJY
     vs.                                )
                                         )      **ORDER**
RECOVER INNOVATIONS, INC. d/b/a          )
RECOVER TACTICAL,                        )
                                         )
              Defendant.          )
_____)

      Pending before the Court is the Motion to Dismiss, (ECF No. 29), filed by Defendant Recover Innovations, Inc. ("Defendant"). Plaintiff CAA Industries ("Plaintiff") filed a Response, (ECF No. 31), to which Defendant filed a Reply, (ECF No. 33).

      For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.

## I.   BACKGROUND

      This case arises from Defendant's alleged infringement of United States Patent No. 8,312,803 ("the '803 Patent"). (First Am. Compl. ("FAC") ¶ 25, ECF No. 28). The '803 Patent teaches a "SEMI AUTOMATIC PISTOL SLIDE PULL." (*See* '803 Patent, Ex. 3 to FAC, ECF No. 28-1). Defendant offers competing products for sale, including what Plaintiff dons as "Infringing Charging Handles," with model numbers GCH, GCH17, GCH21, GCH42, GCH43, GCH43 Upgrade Pack, MCH, PCH17, PI-X-B, P-IX-MG, UCH17, UCH21, UCH44, SCH EZ 9, SCH 9/40, and SCH 45, and "Infringing Conversion Kits," with model numbers P-IX-B, P-IX-MG, 20/20NB, 20/20NS, 20/20NH, 20/20NMG, 20/21B, 20/21S, 20/21H, 20/21MG, 20/22B, 20/22S, 20/22H, and 20/22UR (collectively, the "Accused Products"). (FAC ¶¶ 25–46). Plaintiff alleges the Accused Products directly infringe the '803 Patent. (*See generally id.*).

Plaintiff avers Defendant uses the same injection mold manufacturer ("IMM") to produce its charging handles and stabilizer kits. (*Id.* ¶ 51). Plaintiff asserts that "upon information and belief, [Defendant] has received from the IMM technical advice, and/or information, which has been provided by [Plaintiff] or developed based on its experience manufacturing [Plaintiff's] charging handles and stabilizer kits." (*Id.* ¶ 52). Plaintiff maintains Defendant's sale of the Accused Products has generated demand for "Defendant's non-infringing accessories, related products, and un-related products." (*Id.* ¶ 56). Plaintiff alleges Defendant's sale of the Accused Products increased Defendant's market share and reputation based on the unjust perception it is the inventor of the patented technology, decreased Plaintiff's market share, caused Plaintiff to reduce staff, and led Plaintiff to lose product "research and development capability." (*Id.* ¶¶ 55–66). According to Plaintiff, Defendant can sell its products at a lower price because it did not incur the expense of designing and developing the technology disclosed in the '803 Patent. (*Id.* ¶¶ 66–68).

Plaintiff subsequently brought the present lawsuit, alleging claims for patent infringement and unjust enrichment. (*Id.* ¶¶ 77–95). Defendant then filed the instant Motion to Dismiss, (ECF No. 29), which the Court discusses below.

## II.   **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

///

///

///

1

### III.    <u>DISCUSSION</u>

2      As stated, Plaintiff's FAC asserts claims for patent infringement and unjust enrichment.

3 (FAC ¶¶ 77–95).  By the instant Motion, however, Defendant only moves to dismiss Plaintiff's

4 unjust enrichment claim. (MTD 2:1–28, ECF No. 29).  The Court discusses this claim below,

5 beginning with Defendant's contention Plaintiff's unjust enrichment claim is preempted by

6 federal patent law.

7      In Nevada, a claim of unjust enrichment must allege there was (1) a benefit conferred by

8 the suing party on the party being sued; (2) appreciation of that benefit; (3) acceptance and

9 retention of the benefit; and (4) circumstances exist where it would be inequitable to retain the

10 benefit without payment. *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187

11 (Nev. 1997) (cleaned up).

12      "Federal Circuit law governs whether federal patent law preempts a state law claim."

13 *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1376 (Fed. Cir. 2005).

14 "Preemption can be any of three types: explicit, field, or conflict preemption." *Id.*  "Because

15 federal patent law does not provide explicit preemption, and because congress does not intend

16 to occupy exclusively the field of unjust enrichment law," this case concerns "conflict

17 preemption." *Universal Entm't Corp. v. Aruze Gaming Am., Inc.*, No. 2:18-cv-00585, 2020 WL

18 8773066, at \*10 (D. Nev. May 30, 2020) (citing *Ford Motor Co.*, 411 F.3d at 1377).

19      Under a theory of conflict preemption, "federal preemption occurs whenever a state law

20 impermissibly attempts to provide patent-like protection to subject matter addressed by federal

21 patent law." *Gerawan Farming, Inc. v. Rehrig P. Co.*, No. 1:11-cv-01273, 2012 WL 691758, at

22 \*7 (E.D. Cal. Mar. 2, 2012); *see also Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d

23 1318, 1332 (Fed. Cir. 1998) (*overruled on other grounds by Midwest Industries, Inc. v.*

24 *Karavan Trailers, Inc.* 175 F.3d 1356 (Fed. Cir. 1999)) ("If a plaintiff bases its tort action on

25 conduct that is protected or governed by federal patent law, then the plaintiff may not invoke

the state law remedy, which must be preempted for conflict with federal patent law."). The analysis for conflict preemption focuses on "the conduct that forms the basis of the state law claim." *Methode Electronics Inc. v. Hewlett-Packard Co.*, No. 99-cv-04214, 2000 WL 1157933, at *2 (N.D. Cal. May 4, 2000). "Claims that are dependent on a determination of patent inventorship or ownership, such as a misappropriation of patent rights, are generally preempted by federal patent law." *Gerawan Farming*, 2012 WL 691758, at *7.

Defendant argues Plaintiff's unjust enrichment claim is preempted by federal patent law because it is premised on Defendant's alleged acts of patent infringement. (Mot. Dismiss ("MTD") 6:20–8:12); (Reply 3:16–7:28, ECF No. 33). In response, Plaintiff maintains its unjust enrichment claim is not preempted because it is based on conduct not covered under federal law. (Resp. 3:18–6:8, ECF No. 32).

In *Ultra-Precision* the plaintiff sued the defendant for unjust enrichment after the defendant produced an air conditioner compressor that allegedly used several of the plaintiff's ideas. *Ultra-Precision*, 411 F.3d at 1371–72. The court held that "[i]n the absence of an incremental benefit conferred [over and above the benefit the public received], any attempt to obtain a patent-like royalty for the making, using, or selling of a product in the public domain under the rubric of state unjust enrichment law is preempted." *Id.* at 1369. In finding the plaintiff's state law unjust enrichment claim to be preempted, the Federal Circuit emphasized that the plaintiff "ha[d] not claimed breach of a confidential relationship," withdrew its contract claims, and "[made] no claim that the discussions it had with [the defendant] gave [the defendant] 'the opportunity to be first on the market.'" *Id.* at 1381–82 (citing *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 266 (1979). Ultimately, the court found preemption appropriate because the plaintiff sought "a patent-like remedy for [the defendant's] conduct in making, using, and selling products embodying information [the plaintiff] was not successful in protecting under the federal patent laws." *Id.* at 1382.

In *Univ. of Colo. Found. V. Am. Cyanamid*, researchers brought suit against Cyanamid after it broke a confidentiality agreement with the researchers, copied their work into a patent application, held the invention out as its own, and obtained a patent. 342 F.3d 1298, 1302–03 (Fed. Cir. 2003).  The Federal Circuit reasoned that the researchers state law unjust enrichment claims were not preempted as they were not "patent-like" because they sought a remedy for the "breach of a contract implied in law for disclosure of [the researchers'] confidential manuscript in exchange for a promise not to disseminate the idea without the [researchers'] consent." *Id.* at 1306.

The reasoning in both *Ultra-Precision* and *Cyanamid* is instructive for the case at hand. The relevant inquiry is whether Plaintiff's unjust enrichment claim concerns the enforcement of its intellectual property rights or recovery from the unlawful use of confidential information. Only the former is preempted.  As stated, Plaintiff avers the IMM used by both parties provided Defendant with "technical advice and/or information" on Plaintiff's products and operations. (FAC ¶¶ 51–53).  Plaintiff maintains Defendant's use of this information (1) allows Defendant to sell its infringing products at a lower price because it did not have to design or develop the underlying technology; (2) created the false perception it is inventor of the patented technology; (3) increased its product sales; (4) increased its market share; and conversely, (5) diminished Plaintiff's market share. (*Id.* ¶¶ 55–68).

In light of the way Plaintiff has pleaded this claim, the gravamen of the claim is Defendant unjustly benefited from infringing on Plaintiff's intellectual property, "one consequence being [Defendant] saved money on research and development" that allows it to sell its product at a reduced rate." *Emseal Joint Systems, Ltd. v. Schul Int'l Co.*, LLC, No. 14-cv-358, 2018 WL 3733939, at *3 (D.N.H. Aug. 6, 2018).  "While benefits derived from infringing conduct are always 'unjust' in a general sense, here the unjust character derives from the alleged infringement." *Id.*  And as to Plaintiff's assertion Defendant's alleged infringement

created the false perception it is the inventor of the patented technology, federal patent law "preempts any state law that purports to define rights based on inventorship." *HIP Bio, Inc. v. Yung Shin Pharm. Indus. Co.*, 600 F.3d 1347, 1353 (Fed. Cir. 2010) (citation omitted); *see OptoLum, Inc. v. Cree, Inc.*, 244 F. Supp. 3d 1005, 1014 (D. Ariz. 2017) ("Because OptoLum's unjust enrichment claim depends on the determination that OptoLum, not Cree, invented the LED technology at issue here, the claim is preempted by federal patent law."). Resolution of whether Defendant is wrongly considered the owner of the disputed patented technology "necessarily depends on resolution of a substantial question of federal patent law," namely, "inventorship." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988). As currently pled, Plaintiff's unjust enrichment claim is preempted by federal patent law.

Defendant argues Plaintiff's unjust enrichment claim should be dismissed with prejudice. (MTD 13:11–14:22). The Court disagrees that dismissal with prejudice is warranted. Plaintiff alleges Defendant obtained and misused information from the IMM used by both parties. (FAC ¶¶ 52–53). In *Cynamid*, the plaintiff's unjust enrichment claim was based on defendant's alleged misuse of confidential information; it was not based on enforcement of patent rights. *See Cyanmid*, 196 F.3d at 1371; *Spears v. SHK Consulting & Dev.*, 338 F. Supp. 3d 1272, 1277 (M.D. Fla. 2018). Here, an unjust enrichment claim could be supported by the misuse of "advice and/or information" obtained from the IMM. However, Plaintiff must include additional allegations identifying the IMM, the period both parties utilized the IMM, and whether Plaintiff had a confidentiality agreement with the IMM such that the alleged disclosure of information to Defendant was improper. Plaintiff must further explain why a determination of inventorship is distinct from its unjust enrichment claim. Accordingly,

///

///

///

because the Court finds Plaintiff's unjust enrichment claim is preempted but may be fixed by amendment, it GRANTS Defendant's Motion to Dismiss without prejudice.[1]

## IV.   <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 29), is **GRANTED**.  Plaintiff shall have twenty-one (21) days of the date of this Order to file an amended complaint.  Any amended complaint should remedy the deficiencies identified in this Order.  Failure to file an amended complaint by this date shall result in the Court dismissing the unjust enrichment claim with prejudice.

Dated this __26__ day of May, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[1] Defendant further argues an award of attorney's fees or other sanction is warranted. (MTD 15:24–17:6).  The Court disagrees with Defendant's request; Defendant should moderate his tone in future submissions. See Local Rule 1-1(c) "*The court expects a high degree of professionalism and civility from attorneys. There should be no difference between an attorney's professional conduct when appearing before the court and when engaged outside it, whether in discovery or any other phase of a case.*"