**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CAA INDUSTRIES, LTD., ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:22-cv-00581-GMN-EJY |
| vs. ) | |
| ) | **ORDER GRANTING MOTION TO** |
| RECOVER INNOVATIONS, INC. d/b/a ) | **DISMISS** |
| RECOVER TACTICAL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 54), filed by Defendant Recover Innovations, Inc. Plaintiff CAA Industries filed a Response, (ECF No. 58), to which Defendant filed a Reply, (ECF No. 59). The Court **GRANTS** Defendant's Motion to Dismiss and dismisses Plaintiff's unjust enrichment claim with prejudice.

**I.     BACKGROUND**

This case arises from Defendant's alleged infringement of Plaintiff's United States Patent No. 8,312,803 ("the '803 Patent"). (Second Am. Compl., ECF No. 50). As early as 2004, Plaintiff began using an injection mold manufacturer ("IMM") to manufacture its patented charging handles and conversion kits. (*Id.* ¶ 51). Plaintiff sent its "Confidential Technology and Know-How" to the IMM, which contained information on its patented products, including drawings, dimensions, tolerances, and materials. (*Id.* ¶ 52). Plaintiff provided this information to the IMM "under terms of confidentiality" and the understanding that the IMM would not use this information to manufacture charging handles or stabilizer kits for Plaintiff's competitors. (*Id.* ¶¶ 52–55).

Around 2022, Defendant began using the same IMM to manufacture its accused infringing products. (*Id.* ¶ 56). Plaintiff alleges that Defendant received the "Confidential

Technology and Know-How" from the IMM, and that the IMM used the "Confidential Technology and Know-How" to manufacture Defendant's Accused Products. (*Id.* ¶¶ 57–59). As a result, Plaintiff alleges, Defendant unjustly received important information for manufacturing its Accused Products and is benefitting by paying lower production costs and increasing its sales and market share. (*Id.* ¶¶ 60–65). Plaintiff further alleges that by selling its Accused Products, Defendant is creating the false impression that it is a co-owner and co-inventor of the technology in the '803 Patent. (*Id.* ¶¶ 73–74).

Defendant first moved to dismiss the unjust enrichment claim on the grounds that the claim is preempted by federal patent law. (First Mot. Dismiss, 6:20–8:12, ECF No. 29). The Court granted the motion to dismiss, but allowed Plaintiff leave to amend its unjust enrichment claim. (Order Granting First Mot. Dismiss 7:11–22, ECF No. 49). Plaintiff filed its Second Amended Complaint, and Defendant filed the instant second Motion to Dismiss, (ECF No. 54), which the Court discusses below.

## II.  LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III.        DISCUSSION

Plaintiff brings claims for patent infringement and unjust enrichment in its Second Amended Complaint. (Second Am. Compl. 10:27–12:8). The Court previously found that Plaintiff's unjust enrichment claim, as alleged, was preempted by federal law. But because it was unclear whether Plaintiff could add additional allegations to remedy the preemption problem, the Court granted leave to amend. Plaintiff added allegations, so the Court will first address whether Plaintiff remedied the identified pleading deficiencies. (*See* Order Granting First Mot. Dismiss 7:9–10).

In Nevada, the elements of an unjust enrichment claim are: "(1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) acceptance and retention of the benefit by the defendant; (4) in circumstances where it would be inequitable to retain the benefit without payment." *Ames v. Caesars Ent. Corp.*, No. 2:17-cv-02910, 2019 WL 1441613, at *5 (D. Nev. Apr. 1, 2019) (quoting *Leasepartners Corp., Inc. v. Robert L. Brooks Tr.*, 942 P.2d 182, 187 (Nev. 1997)). However, a plaintiff need not have directly conferred the benefit upon the defendant to recover under a claim of unjust enrichment, so long as the benefit was conferred as a result of the plaintiff's actions. *Id.* (citing *Topaz Mut. Co., Inc. v. Marsh*, 839 P.2d 606, 613 (Nev. 1992)).

"Federal Circuit law governs whether federal patent law preempts a state law claim." *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1376 (Fed. Cir. 2005). "Preemption can be any of three types: explicit, field, or conflict preemption." *Id.* "Because federal patent law does not provide explicit preemption, and because congress does not intend to occupy exclusively the field of unjust enrichment law," this case concerns "conflict

preemption." *Universal Entm't Corp. v. Aruze Gaming Am., Inc.*, No. 2:18-cv-00585, 2020 WL 8773066, at *10 (D. Nev. May 30, 2020) (citing *Ultra-Precision*, 411 F.3d at 1377).

Under a theory of conflict preemption, "federal preemption occurs whenever a state law impermissibly attempts to provide patent-like protection to subject matter addressed by federal patent law." *Gerawan Farming, Inc. v. Rehrig P. Co.*, No. 1:11-cv-01273, 2012 WL 691758, at *7 (E.D. Cal. Mar. 2, 2012); *see also Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1332 (Fed. Cir. 1998) (*overruled on other grounds by Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999)) ("If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law."). "Claims that are dependent on a determination of patent inventorship or ownership, such as a misappropriation of patent rights, are generally preempted by federal patent law." *Gerawan Farming*, 2012 WL 691758, at *7.

In the previous Order dismissing Plaintiff's unjust enrichment claim, the Court identified the relevant inquiry to be "whether Plaintiff's unjust enrichment claim concerns the enforcement of its intellectual property rights or recovery from the unlawful use of confidential information." (Order Granting First Mot. Dismiss 6:9–11). The "gravamen" of Plaintiff's unjust enrichment claim, as originally pled, was that "Defendant unjustly benefitted from infringing on Plaintiff's intellectual properly." (*Id.* 6:19–21). Although Plaintiff provided the Court with additional allegations, as requested, the gravamen of its claim remains unchanged. Even after two amendments to its complaint, Plaintiff's unjust enrichment claim is inextricably tied to its claim for patent infringement.

Patent law specifies that a party infringes a patent when it "makes, uses, offers to sell, or sells any patented invention, within the United States." 35 U.S.C. § 271(a) (2000). Here, Plaintiff seeks to protect its patented invention by alleging that Defendant received the

information to manufacture, and did indeed manufacture and sell, infringing products. (Second Am. Compl. ¶ 60). This allowed Defendant to produce the infringing products at a lower cost and increase its sales. (*Id.* ¶¶ 61, 65). But the benefits Defendant gained by allegedly selling Plaintiff's patented inventions are precisely what federal patent law remedies. *See Emseal Joint Sys., Ltd. v. Schul Int'l Co., LLC*, No. 14-cv-358-SM, 2018 WL 3733939, at *3 (D.N.H. Aug. 6, 2018) (determining that an unjust enrichment claim was preempted by federal patent law when the gravamen of the claim was that defendants benefitted from their patent-infringing use of plaintiff's intellectual property, saving them money on research and development); *see also Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004) (finding the unjust enrichment claim preempted when the act that allegedly satisfied the second and third elements of the unjust enrichment claim, turning copyrighted work into a motion picture, would in and of itself, infringe on plaintiff's protected rights).

Further complicating Plaintiff's claim is the allegation that its confidential relationship was with IMM, not Defendant. In the patent cases with an unjust enrichment claim based on misuse of confidential information, the confidential agreement was between the plaintiff and defendant, not between the plaintiff and an intermediary non-party. Unjust enrichment claims are not preempted if defendant obtains a patent using information wrongfully taken from the plaintiff, in breach of a confidential relationship. *See e.g.*, *Univ. of Colorado Found., Inc. v. Am. Cyanamid Co.*, 342 F.3d 1298, 1306 (Fed. Cir. 2003); *Spears v. SHK Consulting & Dev., Inc.*, 338 F. Supp. 3d 1272, 1277 (M.D. Fla. 2018); *Thompson v. Microsoft Corp.*, 471 F.3d 1288, 1291–92 (Fed. Cir. 2006). Claims involving this fact pattern involve a defendant's misappropriation of ownership, not inventorship, and thus are not preempted. *See Spears*, 338 F. Supp. 3d at 1278.

In *Cyanamid*, plaintiff researchers brought an unjust enrichment claim against defendant pharmaceutical company. 342 F.3d at 1303. The claim was based on the allegation that the

defendant obtained a patent for a new drug using portions of the researchers' confidential manuscript, even though the company had promised the researchers that it would not disseminate the research without their consent. *Id.* at 1306.  The court explained that the unjust enrichment claim was not preempted by federal patent law because it did not "spring" "from an attempt to enforce intellectual property rights," but rather from the wrongful use of the research results. *Id.*  In fact, the *Cyanamid* court characterized the plaintiff's claim as one remedying "the breach of a contract implied in law for disclosure of their confidential manuscript in exchange for their promise not to disseminate the idea without the [plaintiff's] consent." *Id.*

      Here, however, any breach of an implied contract would have occurred by IMM, not Defendant.  Plaintiff alleged it had an "agreement" with IMM that prohibited IMM from using its "Confidential Technology and Know-How" to manufacture stabilizing charging handles and stabilizers kits for competitors. (Second Am. Compl. ¶¶ 52–55).  In violation of that agreement, IMM allegedly used the confidential information to manufacture firearm products for Defendant. (*Id.* ¶¶ 58–59).  Plaintiff does not cite case law involving a confidential relationship with an intermediary non-party in its Response to either of Defendant's motions to dismiss.[1] "Where an unjust enrichment claim does not include a confidential relationship, it essentially seeks a correction of inventorship." *Trustees of Columbia Univ. in City of New York v. NortonLifeLock, Inc.*, 580 F. Supp. 3d 236, 268 (E.D. Va. 2022) (discussing *Tavory v. NTP, Inc.*, 297 F. App'x 976, 983 (Fed. Cir. 2008)).

---

[1] In both of Plaintiff's Responses, it cites two cases for the proposition that its unjust enrichment claim is not preempted. (First Resp., ECF No. 31); (Second Resp., ECF No. 58).  The first case, *Universal Entertainment Corporation v. Aruze Gaming America Inc.*, did not involve an unjust enrichment claim. *See* No. 2:18-cv-00585-RFB-NJK, 2020 WL 8773066, at *7 (D. Nev. May 30, 2020).  The second, *Memry Corporation v. Kentucky Oil Tech., N.V.*, involved a non-patent holder bringing a claim for unjust enrichment against the patent holder, alleging the misuse of confidential information. No. C-04-03843 RMW, 2005 WL 1656877, at *2 (N.D. Cal. July 14, 2005).  This California case is similar to the facts of *Cyanamid*, in which plaintiff non-patent holder brings a claim against the patent holder, thus differing substantially from the underlying facts in this case.

The Court's additional concern regarding preemption is the determination of inventorship. Previously, the Court instructed Plaintiff to "explain why a determination of inventorship is distinct from its unjust enrichment claim," (Order Granting First Mot. Dismiss 7:21–22), because an unjust enrichment claim is preempted if it is based on misappropriation of inventorship. *See Thompson*, 471 F.3d at 1291–92. For example, in *OptoLum, Inc. v. Cree, Inc.*, the plaintiff sought damages for defendant's misappropriation of the reputation for being the inventor of certain LED technology. 244 F. Supp. 3d 1005, 1014 (D. Ariz. 2017). The court determined that the claim was preempted because if the plaintiff had not invented the technology at issue, the defendant "could not have unjustly appropriated . . . the reputation for having invented the technology." *Id.* The court explained that because plaintiff's claim requires a determination of inventorship, it was preempted by federal law. *Id.*; *see also HIF Bio, Inc. v. Yung Shin Pharm. Indus. Co.*, 600 F.3d 1347, 1353 (Fed. Cir. 2010).

Here, Plaintiff specifically alleges that Defendant "is free-riding on the reputation of [Plaintiff] and unjustly gaining the reputation of being an inventor of the patented technology." (Second Am. Compl. ¶ 75). Unlike the defendants in non-preemption cases who obtained patents based on wrongfully obtained information, the Defendant in this case has not obtained a patent nor claimed ownership of the confidential information. Plaintiff further alleges that Defendant is creating the false impression that it is a co-owner of the technology "by virtue of [Plaintiff] and [Defendant] being co-inventors of those patented products." (*Id.* ¶¶ 72–75). In its Response, Plaintiff states that a determination of inventorship is distinct because it is losing overall market share to Defendant. (Resp. 4:8–17). But the very next page explains how Defendant's "royalty-free use of the patented technology creates the impression that [Defendant] is the inventor or co-inventor of the patented technology," conveying a "reputational benefit" it would not otherwise gain. (*Id.* 5:1–4). Therefore, Plaintiff has been

unable to draw the distinction between a determination of inventorship and the unjust enrichment claim.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court's discretion to deny leave to amend in this case is particularly broad because Plaintiff has already been provided an opportunity to amend its unjust enrichment claim. *See Cal. Coal for Fams. & Child. v. San Diego Cnty. Bar Ass'n*, 657 F. App'x 675, 678 (9th Cir. 2016). The Court finds that additional amendments to Plaintiff's unjust enrichment claim would be futile, because although Plaintiff provided additional fact allegations regarding IMM's involvement, the allegations of unjust enrichment continue to be based on Plaintiff's patent enforcement. Therefore, the Court DISMISSES the unjust enrichment claim with prejudice.[2]

///

///

///

---

[2] Because the Court's dismissal is based on Plaintiff's failure to remedy the previously identified preemption problem, the Court does not reach a conclusion on Defendant's additional arguments for dismissal. Defendant's instant Motion to Dismiss argues that Plaintiff's Second Amended Complaint failed to allege Defendant had knowledge of, or appreciated, the benefit; and secondly, that dismissal is warranted under Rule 12(b)(7) because the IMM is a "required party" that cannot be joined. (*See generally* Mot. Dismiss).

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 54), is **GRANTED.** Plaintiff's unjust enrichment claim is dismissed with prejudice, but its patent infringement claim will go forward.

**DATED** this __29__ day of December, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT